IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEVEN T. LOIZZI, BAR NO. 10920.

No. 82622

FILED

MAY 0 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven T. Loizzi. Under the agreement, Loizzi admitted to violating RPC 1.15 (safekeeping property) and RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers) and agreed to a 135-day suspension.[1]

As part of his guilty plea agreement, Loizzi admitted to the facts and violations and agreed that he knew or should have known that his conduct violated the rules of professional conduct. The record therefore establishes that Loizzi, as the resident attorney for a multijurisdictional practice, violated RPC 5.1 by failing to supervise an attorney not licensed to practice law in Nevada in safe-keeping funds that should have been held in trust and by failing to take remedial action or recognize and act at a time when the consequences of the misconduct could have been avoided or

---

[1]The agreement called for a suspension between 90 and 180 days, which the panel accepted, recommending a 135-day suspension.

21-12992

mitigated. Loizzi violated RPC 1.15 by allowing the trust account for another firm in which he is a partner to be overdrawn by roughly $4,000.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Loizzi violated, and because his clients or third-party claimants and the legal profession were harmed or potentially harmed by his misconduct, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of one aggravating circumstance (prior disciplinary offenses) and five mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, imposition of other penalties and sanctions,

and remorse). Under the *Lerner* factors, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Steven T. Loizzi from the practice in law in Nevada for 135 days, commencing from the date of this order. Additionally, Loizzi must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Bar Counsel, State Bar of Nevada/Las Vegas
       Reisman Sorokac
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court